**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington Mutual Bank, F.A. | ) ) ) ) ) | C.A. No. 10361-MA |
| Plaintiff, | ) | |
| v. | ) ) | |
| Helene Hines, Jeffrey Hines and George Edward Kennedy, | ) ) | |
| Defendants | ) | |

**MASTER'S REPORT**

Date Submitted: August 22, 2016
Draft Report: November 30, 2016
Final Report: December 21, 2016

Pending before me is Defendant George Edward Kennedy's "Motion for Summary Judgment In Favor of Defendant – Doctrine of Unclean Hands" filed on June 9, 2016.[1] After reviewing the briefs and the record, I recommend that the Court dismiss Kennedy's summary judgment motion for the reasons stated below.

Factual Background[2]

---

[1] Docket Item ("DI") 39.
[2] The facts recited herein are taken from the Master's Final Report issued on September 18, 2015, DI 24, which was approved by the Court on September 29, 2015. DI 25.

For over six years, Plaintiff Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington Mutual Bank, F.A. (hereinafter "Deutsche Bank") has been attempting to foreclose on a mortgage encumbering real property located at 302 S. Ocean Drive in South Bethany, Delaware (hereinafter "the Property"). Deutsche Bank's first foreclosure action was filed in the Superior Court on April 30, 2009 against Defendants Helene Hines and Jeffrey Hines.[3] A default judgment in the amount of $1,804,987.89 was entered against the Hineses on October 6, 2009. Two sheriff's sales were scheduled, but both were later stayed. Meanwhile, the Property had been conveyed in a series of transactions to a limited liability company (hereinafter "302 LLC"). In November 2012, 302 LLC moved to intervene in the Superior Court foreclosure proceeding as an interested party. When the Superior Court judge learned that the members of 302 LLC were Helene and Kennedy, the judge denied the motion. Thereafter, Kennedy unsuccessfully tried to stop the sheriff's sale scheduled to take place on April 16, 2013. Deutsche Bank was the highest bidder at the sale, purchasing the Property for $1,477,040. Kennedy then filed a *pro se* motion to set aside the sale and, after being informed by Deutsche Bank that it had failed to give proper notice of the sheriff's sale to 302 LLC, the Superior

---

[3] On December 30, 2005, Helene borrowed $1,598,977 from Washington Mutual Bank, F.A., and executed an adjustable rate note for that amount in favor of that bank.

Court approved the bank's request to file a new levari facias and direct that the sheriff schedule a new sale. Subsequently, on November 17, 2014, Deutsche Bank filed a notice of an election to transfer the case to the Court of Chancery after belatedly discovering that the mortgage was not under seal. In response, Kennedy requested that the Superior Court remove the default judgment lien and mortgage instrument from the Sussex County land records. On January 5, 2015, the Superior Court granted the election and vacated the default judgment without prejudice. The mortgage was not lifted by the court.

## Procedural Background

On November 17, 2014, Deutsche Bank filed its complaint in this Court against the Hineses and Kennedy.[4] Kennedy filed his *pro se* answer on December 24, 2014, alleging that the action violated bankruptcy law, that he was not a defendant and did not owe the bank any money, and that the Hineses had not been properly served.[5] On March 30th, Deutsche Bank filed a motion for summary judgment, arguing that there was no dispute that the debt was owed and the mortgage was properly accelerated, Kennedy's bankruptcy petition had been dismissed so there was no violation of

---

Complaint, Ex. A. DI 1. On the same date, Helene and her then-husband Jeffrey executed a mortgage using the Property as security for the note. *Id.* at Ex. B.

[4] DI 1.

[5] DI 5.

bankruptcy law, and Kennedy was a necessary party because he was the current record holder of the Property.[6]

On May 14, 2015, I entered default judgments against the Hineses in the principal amount of $1,718,748.18 plus fees and interest after service was perfected by publication and posting.[7] On May 22nd, Kennedy filed a motion to dismiss the complaint under Court of Chancery Rule 12(b)(6).[8] Although Kennedy made several arguments and raised several defenses, the only ground that fell within the scope of Rule 12(b)(6) was Kennedy's assertion that a court of equity will not impress an equitable lien against a successor to the original mortgagor. Since Kennedy was opposing the summary judgment motion on the same ground, I analyzed this issue under Rule 56(c).

Kennedy was purporting to be a *bona fide* purchaser for value of the Property from a successor (302 LLC) to one of the original mortgagors (Helene). The mortgage in question lacks a seal and is not a legal mortgage; nevertheless, a court of equity will ignore such a technical defect and will impress an equitable lien "to prevent unjust enrichment, i.e., where it would be contrary to equity and good conscience for an individual to retain a property interest acquired at the expense of

---

[6] DI 9.
[7] DI 18.
[8] DI 19.

another."[9]  Based on the limited record, I recommended denial of  Deutsche Bank's motion for summary judgment because the issue of whether Kennedy would be unjustly enriched if the Court dismissed the foreclosure action was a material fact that could not be determined without a thorough investigation of the recent conveyances of the Property.  I also recommended denial of Kennedy's motion to dismiss.  No exceptions were filed by either party, and my recommendations were approved by the Court on September 29, 2015.[10]

## Issues

In his current motion, Kennedy is seeking summary judgment against Deutsche Bank and in his favor on the basis of the doctrine of unclean hands.  Kennedy argues that the Superior Court docket is evidence that Deutsche Bank comes to this Court with unclean hands because the docket shows that the bank:  (1) recorded an illegal mortgage, i.e., a mortgage lacking a seal; (2) pursued illegal foreclosure litigation for years in the Superior Court; (3) obtained an illegal default judgment; (4) repeatedly pursued illegal sheriff sales; and (5) foreclosed illegally.  Since a claimant must come before this Court with clean hands, Kennedy argues that Deutsche Bank has forfeited its right to equitable relief and has no standing to bring this action.  Kennedy also argues that the recent legislation amending 25 *Del. C.* § 2101(b) draws a clear demarcation between what was previously an illegal mortgage and what is now a

---

[9] *Branca v. Branca*, 443 A.2d 929, 931 (Del. 1982).

legal mortgage. According to Kennedy, all wrongdoers now will be held accountable for the illegal prosecution of mortgages without seal in Superior Court during the period starting in 1983, when the Supreme Court issued its decision in *Monroe Park v. Metropolitan Life Ins. Co.*,[11] and ending on June 28, 2016, the effective date of this legislative amendment.[12]

Deutsche Bank opposes the summary judgment motion, arguing that: (1) Kennedy waived his unclean hands defense when he failed to plead it in his answer; (2) Kennedy's unclean hands argument has already been rejected by this Court and cannot be relitigated because of the law of the case doctrine; (3) Kennedy cannot demonstrate that there is a genuine issue of material fact in support of his unclean hands argument; (4) Kennedy's argument fails on the merits because an unsealed mortgage is not an illegal mortgage; (5) Kennedy's motion fails to address the issue of unjust enrichment; and (6) the motion should be dismissed because a factual record regarding unjust enrichment must be developed before a summary judgment motion is ripe.

## Analysis

The doctrine of unclean hands provides that "'a litigant who engages in reprehensible conduct in relation to the matter in controversy … forfeits his right to

---

[10] DI 25.

[11] 457 A.2d 734 (Del. 1983).

[12] 25 *Del. C.* § 2101(b).

have the court hear his claim, regardless of its merit.'"[13]  The doctrine is a rule of public policy, designed to protect the court against misuse by a litigant who, "'because of his conduct, has forfeited his right to have the court consider his claims[.]'"[14] However, a party raising the doctrine of unclean hands as an affirmative defense must produce some credible evidence to support his defense because there is a rebuttable presumption that "all persons act honestly and properly in seeking judicial relief."[15]

The record shows that while Kennedy failed to raise an affirmative defense of unclean hands in his *pro se* answer to this complaint,[16] Kennedy's subsequent motion to dismiss briefly did raise the defense of unclean hands.  I did not specifically address this defense when resolving the motion to dismiss because I found it to be outside the scope of a Rule 12(b)(6) motion.  Even if Kennedy is not barred from raising it now, he has failed to overcome the presumption that Deutsche Bank has acted honestly and properly in seeking judicial relief, both in the prior Superior Court

---

[13] *Portnoy v. Cryo-Cell International, Inc.*, 940 A.2d 43, 80-81(Del. Ch. 2008) (quoting *Nakahara v. The NS 1991 American Trust*, 739 A.2d 770, 791-92 (Del.Ch. 1998)).

[14] *Id.* at 81 (quoting *Skoglund v. Ormand Indus., Inc.*, 372 A.2d 204, 213 (Del. Ch. 1976)).

[15] *In re Barker Trust Agreement*, 2007 WL 1800645, at *11 (Del. Ch. June 13, 2007) (citing *Niehenke v. Right O Way Transp., Inc.*, 1996 WL 74724, at *2 (Del. Ch. Feb. 13, 1996)).

[16] *See NHB Advisor, Inc. v. Monroe Capital LLC*, 2013 WL 6906234, at * 2 (Del. Ch. Dec. 27, 2013) ("[D]efendant 'bear[s] the burden of pleading and proving 'unclean hands' as an affirmative defense.") (quoting *Niehenke*, 1996 WL 74724, at *2)).

proceedings and in this Court, because he has produced no evidence, let alone credible evidence, of any impropriety or reprehensible conduct by Deutsche Bank in seeking foreclosure. Kennedy's reliance on the Superior Court docket as the only evidence relevant to his motion is completely misplaced. The docket simply reflects the uneven progress of a foreclosure proceeding in Superior Court. The bank's belated recognition of the lack of a seal on the mortgage, while embarrassing to Deutsche Bank, does not warrant forfeiture of its claim. The Superior Court's decision to vacate the default judgment without prejudice, likewise, does not demonstrate any impropriety or reprehensible conduct on the part of Deutsche Bank.

Furthermore, the absence of a seal does not render a mortgage illegal or invalid as Kennedy suggests. Until the recent amendment to 25 *Del. C.* § 2101,[17] the absence of a seal merely rendered the mortgage unenforceable at law.[18] It was enforceable in equity because a court of equity disregards "technical defects" such as an absence of

---

[17] 25 *Del. C.* § 2101(b) now states:
> A mortgage in the above form duly executed, acknowledged and recorded shall operate and be effective as a valid mortgage lien upon the entire interest of the mortgagors in the premises therein described, and irrespective of whether the mortgage is under seal it may be foreclosed in the Superior Court pursuant to Chapter 49, Title 10 of the Delaware Code.

[18] *Monroe Park*, 457 A.3d at 736 (citing 25 *Del. C.* § 2101(a)).

a seal, and enforces the mortgage between the parties as an equitable lien upon the land.[19]

Since Deutsche Bank's effort to foreclose a mortgage not under seal in a court of law does not rise to the level of reprehensible conduct, I perceive no threat to the integrity of this Court if the current foreclosure action is allowed to proceed. Kennedy is merely trying to "wield" the doctrine of unclean hands as "a weapon" against the bank.[20] However, as the Superior Court judge observed, Kennedy had notice of the risk of foreclosure when he purchased his interest in the Property.[21] The transfer of the foreclosure action to this Court cannot result in any harm to Kennedy because the risk of foreclosure is no worse here than it was in Superior Court.

Instead, the risk might be less because there remains a genuine issue of material fact whether Kennedy would be unjustly enriched if the mortgage is not enforced as an equitable lien on the Property. However, it would be premature to address that issue at this time because discovery is still ongoing, and must be completed before this matter may proceed to trial.

---

[19] *Id.*, at 736-737 (citing 9 Thompson, Commentaries on the Modern Law of Real Property, § 4669 (1958); 59 C.J.S. *Mortgages*, at § 115; Pomeroy's Equity Jurisprudence § 383, at 49-50 (1941)).
[20] *Portnoy,* 940 A.2d at 81.

## Conclusion

For the reasons stated above, I recommend that the Court deny Kennedy's motion for summary judgment as he has failed to present any evidence of unclean hands on the part of Deutsche Bank.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz

---

[21] Transcript of teleconference on April 15, 2013, at 5-9, *Deutsche Bank National Trust Co., v. Hines, et al.,* C.A. No. S09L-04-115 THG (Del. Super.), DI 20.